UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-02419-RSWL (SK) | Date | December 14, 2017 |
|---|---|---|---|
| Title | Anthony Hernandez v. Secretary of Corrections | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Marc Krause | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

On December 1, 2017, Petitioner constructively filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2000 convictions for first-degree murder, accessory after the fact to murder, and possession of a controlled substance with a firearm. (Pet., ECF No. 1). On its face, the Petition appears impermissibly second and successive and untimely.[1] Therefore, Petitioner is ordered to show cause why the Petition should not be summarily dismissed on these grounds.

First, the Petition is facially precluded by the bar to second-and-successive federal petitions. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner previously filed a federal petition in 2003 (*see* Case No. 5:03-cv-01466), which was denied by this Court in 2005, after which the Ninth Circuit denied a certificate of appealability in 2005 (*see* Case No. 05-55509). Because Petitioner previously sought federal habeas relief under § 2254, he must obtain authorization from the Ninth Circuit before filing a second and successive petition in federal court, regardless of the fact that he claims newly-discovered evidence exonerates him. Petitioner does not allege that he has obtained such authorization. Thus, the Petition appears to be an impermissible second and successive petition that divests the district court of jurisdiction.

Also, the Petition is facially untimely. Petitioner's conviction became final in 2003, and his first round of state and federal habeas petitions concluded in 2005 with the Ninth Circuit denying a certificate of appealability. Without even considering this period of initial direct and collateral review, the Petition was filed well beyond the window to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). Statutory tolling does not appear to make the Petition timely given that Petitioner's most recent round of state habeas petitions began in 2016, leaving an unexplained gap of over 10 years. *See* 28 U.S.C. § 2244(d)(2). Even if "properly filed" under California law, the state habeas petitions filed in 2016 and 2017 could not revive or reinitiate the federal limitations period after it had already expired. *See Ferguson v. Palmateer*, 321

---

[1] The Court takes judicial notice of the public records of Petitioner's direct appeals, state habeas petitions, and prior federal habeas petition. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-02419-RSWL (SK) | Date | December 14, 2017 |
|---|---|---|---|
| Title | Anthony Hernandez v. Secretary of Corrections | | |

F.3d 820, 823 (9th Cir. 2003). Additionally, the facts in the Petition alone do not establish the requisites for equitable tolling. *See Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014). Therefore, the Petition appears barred as untimely, unless Petitioner can demonstrate that he is entitled to delayed commencement of the limitations period under § 2254(d)(1) or equitable tolling.

THEREFORE, Petitioner is **ORDERED TO SHOW CAUSE** on or before **January 12, 2018** why this action should not be dismissed as improperly second and successive and/or untimely. If Petitioner is unable to demonstrate that the Petition is authorized by the Ninth Circuit <u>and</u> timely, the Petition may be summarily dismissed. **Failure to file a timely response to this Order to Show Cause may also result in dismissal of this action for failure to prosecute.** *See* Fed. R. Civ. P 41(b); L.R. 41-1. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a) by filing the attached "Notice of Voluntary Dismissal."